### UNITED STATES DISTRICT COURT
### for the
### EASTERN DISTRICT OF VIRGINIA

U.S.A. vs. Keith Rodney Moore                                      Docket No. 3:21CR00042-001

**Petition for Action on Conditions of Pretrial Release**

COMES NOW, Tanya L. Smith, PROBATION OFFICER, presenting an official report upon the conduct of defendant Keith Rodney Moore, who was placed under pretrial release supervision by the Honorable Elizabeth W. Hanes, United States Magistrate Judge, sitting in the court at 701 East Broad Street, Richmond, Virginia 23219-3528, on June 4, 2021, under the following conditions:

On June 4, 2021, Mr. Moore appeared before Your Honor for a detention hearing, and at that time, he was ordered released on bond with special conditions, to include:   1) Submit to home detention with location monitoring; and 2) the defendant shall be in the third-party custody of his mother, Joyce Moore.   On June 4, 2021, the location monitoring equipment was installed at the defendant's residence.

### PRIOR VIOLATIONS

On September 7, 2021, a Petition was submitted to the Court citing Mr. Moore with violating Federal, state, or local law while on release by incurring an Assault and Battery charge.   On October 14, 2021, Mr. Moore appeared before Your Honor on an initial appearance for revocation of pretrial release.   At that time, the Government moved to dismiss the Petition for Action, which was granted.   Mr. Moore was released on the same terms as previously imposed, with the added condition that the defendant shall have no contact with Jayvonne Brown.

On March 11, 2022, a Violation Report was submitted to the Court citing Mr. Moore with violating Federal, state, or local law while on release by incurring a Domestic Violence charge.   On April 20, 2022, Mr. Moore appeared before the Richmond City Juvenile and Domestic Relations Court, where the Domestic Violence charge was dismissed.

On March 24, 2022, a third notice was submitted to the Court citing Mr. Moore with using a narcotic drug by testing positive for marijuana.   There was no Court action requested; however, the defendant was verbally reprimanded and random drug testing was increased.

PRAYING THAT THE COURT WILL ORDER A SUMMONS be issued for the defendant as to why his bond should not be amended or revoked.

| **ORDER OF COURT** | I declare under the penalty of perjury that the foregoing is true and correct. |
|---|---|
| Considered and ordered this __18__ day of __May__, 2022 and ordered filed and made a part of the records in the above case. | Executed on: |
| /s/ Elizabeth W. Hanes<br>United States Magistrate Judge | Tanya Smith  *Digitally signed by Tanya Smith*<br>*Date: 2022.05.18 06:35:10 -04'00'* |
| The Honorable Elizabeth W. Hanes<br>United States Magistrate Judge | Tanya L. Smith<br>Senior U.S. Probation Officer |
| | Place: Richmond |

The Honorable Elizabeth W. Hanes

Petition for Action on Conditions of Pretrial Release

Page 2

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT AND FOR CAUSE AS FOLLOWS:**

- The defendant shall participate in the location restriction program and comply with the requirements as directed.

On June 4, 2021, location monitoring equipment was installed, and Mr. Moore reviewed and signed the Location Monitoring Program Agreement. It was further explained to him how to request schedules, and Mr. Moore was informed that schedules are only to be used for the approved activity.

On May 14, 2022, Mr. Moore used his approved work schedule for an unapproved activity. At 12:44 a.m., this officer received a tracker strap and proximity tamper. This officer tried to contact Mr. Moore; however, his cell phone was not in service. The defendant's custodian was contacted to inquire about his whereabouts. The custodian advised that she was not home and unable to advise. This officer told the custodian that Mr. Moore recently used an alternate cell number, but she stated she did not know the number. This officer was able to locate the number and contacted Mr. Moore. While speaking with the defendant, he stated that "the box broke." This officer asked Mr. Moore what was going on, and he said he was "riding around." This officer asked if he was riding around during his work schedule, when he was medically excused from work? When asked his location, he said "in front of the courthouse." This officer reviewed the GPS points to verify his location, but the transmitter was showing stationary on Seminary Avenue. The defendant was asked where his transmitter was, and he said in his car. When asked why he left his car, he said he was in an "altercation." This officer asked what kind of altercation, but the defendant was evasive. When asked if he was intoxicated, he said no. Mr. Moore was instructed to go home immediately, and he stated that he was walking home. As a result, this officer tried to call Mr. Moore's custodian twice without success.

On May 14, 2022, at 2:40 a.m., this officer went to the defendant's residence to install a new transmitter. Mr. Moore's mother opened the door and advised the defendant was asleep. This officer and Mr. Moore's mother tried to wake him without success. This officer asked the custodian if the defendant was intoxicated because he sounded drunk during the earlier conversation, and she said no. When this officer was still unable to wake Mr. Moore, his mother was asked if she saw him before she went out and she said yes. This officer asked if he was drinking before she left, and mom said her "neighbor gave the defendant a taste." The defendant's mother was told, based on Mr. Moore's current state and the inability to wake, that it appeared the defendant had more than a "taste." This officer asked mom if she knew what happened last night/this morning and she said no. Although this officer could not wake Mr. Moore, a new transmitter was placed on his ankle while he slept. Mr. Moore's custodian stated she was not aware that the transmitter was no longer on his leg.

On May 16, 2022, Mr. Moore reported to the office as instructed. The defendant was asked to give an account of what happened the other night. Mr. Moore said his neighbor was having a get together and friends were bringing drinks to his house. The defendant said they were cracking jokes and he "got out of pocket." This officer asked what he meant, and he claimed he could not remember a lot about the specifics. Mr. Moore said whatever he said caused an altercation. He said his "homeboy" picked him up and

The Honorable Elizabeth W. Hanes

Petition for Action on Conditions of Pretrial Release

Page 3

slammed him to the floor. Mr. Moore said a weapon was drawn on him, and as a result he left the residence. This officer told Mr. Moore his movement did not make sense because he left home and returned twice before stopping on Seminary Avenue. Mr. Moore said the first time he left the residence, he was hoping everyone would have been gone but they were not. He stated that he does not remember going to Seminary Avenue, but he did walk to the courthouse. The defendant said he did not realize the transmitter was off until this officer contacted him. Inspection of the transmitter did not show any cuts. The clip on one side of the transmitter was gone and the side that was still intact was stretched.

TLS/lrs