**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

| | |
|---|---|
| **UNITED STATES OF AMERICA** )| |
| ) | |
| **v.** ) | **Case No. 3:21cr42** |
| ) | |
| **KEITH RODNEY MOORE,** ) | |
| **Defendant** ) | |

**CONSENT MOTION TO TEMPORARILY MODIFY RELEASE CONDITIONS TO**
**ALLOW MR. MOORE TO ATTEND HIS SON'S BIRTHDAY PARTY**

Keith Moore, through counsel and with no objection from the government, moves the Court

to temporarily modify his current release conditions to allow Mr. Moore to attend his family's

birthday party for his son.  In support of this motion, Mr. Moore states the following:

1.  The government indicted Mr. Moore on May 4, 2021, alleging that he was a felon in

    possession of a firearm, in violation of 18 U.S.C. § 922(g), on December 5, 2020.

2.  Mr. Moore made his initial appearance in this Court on this case on June 1, 2021, and was

    ordered released on conditions at his detention hearing on June 4, 2021.  *See* ECF Nos. 8,

    12.  On September 7, 2021, the probation officer filed a petition to revoke Mr. Moore's

    release based on a then-pending misdemeanor charge in Richmond City General District

    Court that has since been dismissed.  *See* ECF No. 37.  On October 14, 2021, the Court

    dismissed that petition at the request of the government and again ordered Mr. Moore

    released on conditions.  *See* ECF No. 57.  On May 18, 2022, the probation officer filed a

    petition regarding a violation of Mr. Moore's release conditions.  *See* ECF No. 74.  The

    parties agreed to release Mr. Moore with the added condition that he not drink alcohol.  *See*

ECF No. 78.  On July 18, 2022, the government moved to dismiss the petition in ECF No. 74, *see* ECF No. 95, and Mr. Moore has remained on release conditions since that time.

3. Mr. Moore's release conditions include that he be on home detention with approval to leave his home (in coordination with the United States Probation Office) for "employment; education; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities approved in advance by the pretrial services office or supervision officer . . . ."  *See* ECF No. 12 at 2.

4. As is customary in our culture, Mr. Moore and his family have planned a party for his son who is celebrating his first birthday on November 19, 2022.  That party is scheduled for Saturday, November 19, 2022, at a hotel that Mr. Moore has provided the address of to the probation office.  Mr. Moore seeks permission to leave his house at 4:00 p.m. to go to the party.  He will return home from the party by 9:00 p.m.  Mr. Moore's third-party custodian, his mother, will also be attending the party with him.  If granted this request, Mr. Moore would leave his mother's home in her custody, go straight to the party, and then return home immediately with his mother by 9:00 p.m. on Saturday, November 19, 2022.

5. Undersigned counsel has communicated with Shea Gibbons and Erik Seibert, who represents the government in this case.  The government has no objection to this request.  Undersigned counsel has also communicated with the United States Probation Office, represented by Tanya Smith.  Ms. Smith has no objection to this request.

Thus, Mr. Moore moves the Court to temporarily modify his current release conditions to allow him to attend his family's birthday party for his son as set forth above.

Respectfully submitted,
KEITH RODNEY MOORE

2

By: _____/s/_____
Laura Koenig
Va. Bar No. 86840
Counsel for Defendant
Office of the Federal Public Defender
701 E Broad Street, Suite 3600
Richmond, VA 23219-1884
Ph. (804) 565-0881
Fax (804) 648-5033
laura_koenig@fd.org

3