**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Richmond Division**

| | |
|---|---|
| UNITED STATES OF AMERICA )   )   v.                                                       )   )   KEITH RODNEY MOORE,                 )   )   Defendant.                       ) | Criminal No. 3:21-cr-42 |

**UNITED STATES' RESPONSE IN OPPOSITION TO
DEFENDANT'S MOTION TO TEMPORARILY MODIFY
RELEASE CONDITIONS TO ATTEND PRENATAL APPOINTMENTS**

The United States of America respectfully files this response in opposition to the defendant's motion to allow the defendant to attend his partner's prenatal appointments.

The defendant's behavior while on supervised release has not been admirable. As described in the most recent Petition, while under supervised release the defendant has been charged with Assault and Battery in 2021 and Domestic Violence in 2022. ECF 74 at 1. He also tested positive for marijuana, and, while he was supposed to be at work, got drunk instead, caused a physical altercation that resulted in a weapon being drawn on him, removed his electronic tracker, and went "riding around." *Id.* at 1-3. Of particular concern during the latter incident, his third-party custodian could not be reached, was unaware of his whereabouts, did not know what happened, and was not forthcoming with the probation officer when asked if the defendant was drunk. *Id.* at 2. It is against this backdrop that the government considers the defendant's current request to attend an unspecified number of prenatal appointments.

It is the policy of the Probation Office to oppose modifying conditions of pretrial release to allow attendance at appointments of family members due to the significant number of appointments that it could represent, and the corresponding difficulties these pose to the integrity

1

of the pretrial release program. There is no reason to deviate from that policy here, especially given the defendant's poor performance while on pretrial release. Further, the defendant's entire relationship with his partner has occurred while he was under indictment, and both have been fully aware of the requirements of pretrial supervision since the beginning. To the extent the defendant wishes to support his partner and participate in medical decisions, there are multiple ways to accomplish these aims that do not require significant changes to the terms and conditions of pretrial release, such as virtual participation in the appointments.

For the reasons presented above, the Court should deny the motion to modify.

Respectfully submitted,

JESSICA D. ABER
UNITED STATES ATTORNEY

By: _____/s/_____
Shea Matthew Gibbons
Virginia Bar Number 83916
Erik Siebert
Virginia Bar Number 79057
Assistant United States Attorneys
United States Attorney's Office
919 East Main Street, Suite 1900
Richmond, Virginia 23219
Telephone: 804-819-5400
Fax: 804-771-2316
Email: Shea.Gibbons@usdoj.gov