UNITED STATES DISTRICT COURT

FOR

THE EASTERN DISTRICT OF VIRGINIA

U.S.A. vs. Keith Rodney MooreDocket No. 3:21CR042

Addendum to
Petition on Conditions of Pretrial Release

This addendum includes an additional violation to the Petition on Conditions for Pretrial Release dated December 22, 2022, wherein Mr. Moore was cited for violating the condition that the defendant must not violate federal, state, or local law while on release.

*The defendant shall participate in home detention and comply with its requirements.*

On June 4, 2021, the location monitoring equipment was installed, and Mr. Moore reviewed and signed the Location Monitoring Program Agreement. It was explained to him how to request schedules and Mr. Moore was informed that schedules are only to be used for the approved activity.

On December 12, 2022, while reviewing GPS tracks for the previous weekend, this Officer noticed that on December 10, 2022, Mr. Moore went to McDonalds and then returned home. Mr. Moore had a schedule to go to work therefore he used his approved schedule for an unapproved activity. This Officer contacted Mr. Moore to discuss his movement and he claimed that he was heading to work but did not have enough money for gas, so he called out and went home.

On December 18, 2022, while reviewing GPS tracks for December 17, 2022, this officer noticed that Mr. Moore left home and went to Miles Mini Mart. This officer contacted Mr. Moore to discuss his

| ORDER OF COURT | |
|---|---|
| Considered and ordered this 6th day of January, 2023, that the petition previously issued be amended and that this addendum be ordered filed and made part of the record in the above case. | I declare under penalty of perjury that the foregoing is true and correct.<br><br>Executed on _____<br><br>*[signature]* 2023.01.05 12:14:52 -05'00' |
| /s/ John A. Gibney, Jr.<br>Senior United States District Judge<br>John A. Gibney, Jr.<br>Senior United States District Judge | Tanya L. Smith<br>Senior U.S. Probation Officer<br><br>Place Richmond, Virginia |

**TO CLERK'S OFFICE**DF-69 (Rev. 02/20)

# UNITED STATES DISTRICT COURT

## FOR THE

### EASTERN DISTRICT OF VIRGINIA

Richmond Division

UNITED STATES OF AMERICA

v.  Case No. 3:23-cr-00092

Petition on Conditions of Pretrial Release

The defendant indicated continued violence to the victim, a condition for Pretrial Release dated December 22, 2023, wherein defendant was ordered to refrain from applying firearms that the defendant or one victim forgot, stated Orland Lowe went for release.

The defendant does participate in this adversity, and is not permitted by a psychiatrist.

On Dec. 7, 2023, during community supervision and additional virtual home visit, defendant signed the forensic diagnostic. Probation Agreement for current firearm in the house is the one to be tested for a was an infraction that defendant is only to be used for testing and other subsequent.

On December 19, 2023, during psychological scheduled doctor program with officer, the surveillance test defendant [illegible] the victim went to the location and there was a physical, then [illegible] a physical assault. This incident was documented by the supervising officer. This victim was afforded to witness defenses his reasons for any violation that he was hospital in court, but believed [illegible] an absent right resume to be called and told what it was.

As the evaluation affords, and the above reach on December 17, 2023, this office recommends that defendant be ordered to the initial time. This office will recommend in three to days to this [illegible]

RESPECTFULLY,                          I declare under penalty of perjury that the
                                       foregoing is true and correct.

_____                 _____
Sarah L. Pitt                           Executed on this _____ day of
Senior U.S. Probation Officer           January, 2025, this petition

                                        I certify I had to consider and that the
                                        above statement/affidavit material of the
_____                 writing in the above case.
Nina Brigham, Supervisor
                                        /s/
                                        _____
                                        John A. Gibney, Jr.
                                        Senior United States District Judge

movement. Mr. Moore said he was heading to work but changed his mind and returned home.

This officer reminded Mr. Moore that he has been reprimanded in the past about using his approved schedule for unapproved activities and how it is a violation of the location monitoring program. This officer told Mr. Moore to inform his supervisor that he will no longer be approved to work on Saturdays because Saturday nights are when he seems tempted to misuse his schedule.

On June 4, 2021, Mr. Moore reviewed and signed the Location Monitoring Program Agreement. It was explained how to request schedules for approval and informed of the emergency protocol; whereas if he is experiencing a personal medical emergency and it is after hours, he is approved to leave but must leave a message about the emergency and provide all documentation. On December 22, 2022, Mr. Moore sent this officer a text message advising that his nephew was shot. He stated that he had to go to the hospital and that his mother, his custodian, would be with him. This officer was on leave and unable to acknowledge or address. Mr. Moore did not request a schedule but told this officer what he was going to do, nor was he experiencing a personal medical emergency to invoke the emergency protocol. Therefore, Mr. Moore used his approved work schedule for an unapproved activity by going to the hospital during his work schedule.